UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GUADALUPE ARREDONDO GARCIA, *Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. |
| JM TRANSPORT AND JULIO RIVERA CALLEJAS, *Defendants.* | § § § § | |

**PLAINTIFF'S COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Guadalupe Arredondo Garcia, Plaintiff in the above-styled and numbered cause, complaining of Julio Rivera Callejas and JM Transport, Defendants herein, and for her cause of action would show the court and jury as follows:

## I.
### PARTIES

1.1     Plaintiff, Guadalupe Arredondo Garcia is a resident of Webb County in the state of Texas and brings suit herein in her individual capacity.

1.2.    Defendant, Julio Rivera Callejas is a non-resident individual who resides in Nuevo Laredo Mexico at Calle Golondrinas, Francisco Villa, 88284 Nuevo Laredo, Tamps, Mexico and pursuant to Texas Civil Practices and Remedies Codes § 17.062 may be cited to appear by serving the citation and a copy of this Complaint together with copies of Plaintiff's Original Complaint on his agent for service of process, J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission at 125 East 11th Street, Austin, Texas 78701.  Immediately after being served, the Chairman, by properly addressed letter, shall mail to the non-resident (1) a copy of the process and (2) notice that the process has been served on the Chairman.  The notice and copy of the process must be sent to Julio Rivera

Callejas by registered mail or by certified mail return receipt requested with the postage pre-paid to Calle Golondrinas, Francisco Villa, 88284 Nuevo Laredo, Tamps, Mexico. Service of process is requested by private process as authorized by this court.

1.3     Defendant, JM Transport, is a Mexico Corporation doing business, engaging in business and transacting business in Webb County and the State of Texas and is located at Madero #2408 Nuevo Laredo, TA 88000 and pursuant to Texas Civil Practices and Remedies Codes § 17.062 may be cited to appear by serving the citation and a copy of this Complaint together with copies of Plaintiff's Original Complaint on his agent for service of process, J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission at 125 East 11th Street, Austin, Texas 78701. Immediately after being served, the Chairman, by properly addressed letter, shall mail to the non-resident (1) a copy of the process and (2) notice that the process has been served on the Chairman. The notice and copy of the process must be sent to JM Transport by registered mail or by certified mail return receipt requested with the postage pre-paid at Madero #2408 Nuevo Laredo, TA 88000. Service of process is requested by private process as authorized by the court.

## II.
## VENUE AND JURISDICTION

2.1.    Jurisdiction and venue are proper in the Federal District Court of the Southern District of Texas – Laredo Division. This is a negligence cause of action arising from a motor vehicle accident occurring in Webb County, Texas and within the boundaries of the Southern District of Texas. This claim is filed pursuant to the diversity statute of 28 U.S.C. 1332(a).

## III.
## FACTS

3.1     On or about August 16, 2022, Guadalupe Arredondo Garcia was stopped at a stop

sign in her 2020 Chevrolet Equinox, traveling eastbound on the 8400 block of FM 3464 Street and Los Cabos Road was stopped at a stop sign when Defendant Julio Rivera Callejas who was operating a 2010 Freightliner Tractor that collided into Ms. Garcia's vehicle. As a result of the collision, Guadalupe Arredondo Garcia, sustained bodily injuries.

3.2    At all times relevant hereto, Defendant, Julio Rivera Callejas was an employee, borrowed employee, agent or servant of JM Transport.

## IV.
## <u>JULIO RIVERA CALLEJAS</u>

4.1    At the time and on the occasion in question, Defendant, Julio Rivera Callejas while operating said vehicle within the course and scope of his employment for, a borrowed servant of, or an agent of JM Transport, failed to use ordinary care by various acts and omissions each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

   a. in failing to keep a proper lookout;
   b. in attempting to make an improper and unsafe lane change;
   c. in operating his vehicle in an unsafe manner;
   d. failing to take proper evasive action to avoid the accident made the basis of this suit;
   e. failing to maintain proper attention while operating a motor vehicle;
   f. in failing to appropriately apply the brakes or otherwise stop the vehicle;
   g. in operating the vehicle in a careless and heedless fashion on the roadway as to endanger other persons using the roadway;
   h. in failing to abide by the proper rules and regulations concerning the vehicle's safe operation;
   i. in failing to keep the vehicle under control so as to avoid accidents; and
   j. in failing to operate the vehicle in a reasonable and prudent manner.

4.2    Each and all of the above foregoing acts of omission and/or commission constituted negligence and were a proximate cause of damages to Plaintiff, Guadalupe

Arredondo Garcia and for which Plaintiff hereby seeks recovery within the jurisdictional limits of this court.

## V.
## JM TRANSPORT

5.1    At the time of the accident, JM Transport was the owner of the 2010 Freightliner Cascadia 113 Tractor driven by Julio Rivera Callejas. Julio Rivera Callejas was under the control of JM Transport as an employee and/or agent of JM Transport and was acting within the course and scope of his employment. Therefore, JM Transport is vicariously responsible for the negligence of Julio Rivera Callejas based on the theory of *Respondeat superior*.

5.2    Plaintiff further asserts and alleges that at the time of the collision made the basis of this suit that Defendant, JM Transport was guilty of various acts and/or omissions which constituted negligence, including, but in no way limited to the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

   a.   in failing to properly train Mr. Julio Rivera Callejas;
   b.   in failing to properly implement appropriate policies and procedures;
   c.   in failing to provide proper and/or adequate training with respect to safe vehicle operation;
   d.   in failing to ensure the safety of others through proper training;
   e.   in failing to properly monitor drivers to ensure proper documentation of compliance with statutes and regulations governing;
   f.   creating a danger to the public, of which it had specific knowledge, and then failing to protect the public from that danger; and
   g.   having superior knowledge of specific risk and specific danger and failing to guard against it.

5.3    Each and all of the above foregoing acts or omission and/or commission constituted negligence and were a proximate cause of the collision made the basis of this

suit, and of injuries to Guadalupe Arredondo Garcia, and for which Plaintiff hereby seeks recovery within the jurisdictional limits of this court.

## VI.
## DAMAGES

6.1     Nearly all of the elements of damages for personal injury are unliquidated and, therefore, not subject to precise computation.  Plaintiff seeks to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances.  This amount is within the jurisdictional limits of this Court.

6.2     As a result of the incident in question, Plaintiff, Guadalupe Arredondo Garcia, suffered disabling injuries, physical pain and mental anguish.  She has sustained past and future reasonable and necessary medical expenses for the care and treatment of her injuries, physical impairment, both past and future, physical pain and mental anguish, both past and future, disfigurement, loss of household services, and a diminution of enjoyment of life, both past and future, all to her damage in an amount which has not been ascertained, but which is in excess of the minimum $75,000.00 jurisdictional limits of this Court.

## VII.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.
## JURY DEMAND

8.1     Plaintiff requests a trial by jury for all issues of fact.  A jury fee has been paid timely and properly.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants, each of them, be cited and required to answer herein as required by law, and that on final trial

by jury, Plaintiff be awarded judgment against each of the Defendants, jointly and severally, for the full amounts of Plaintiff's actual damages, and for prejudgment and post judgment interest and costs of court and such other and further relief to which Plaintiff may show herself entitled.

**RESPECTFULLY SUBMITTED,**

**WIGINGTON RUMLEY DUNN & BLAIR, L.L.P.**
123 North Carrizo Street
Corpus Christi, TX 78401
Telephone: (361) 885-7500
Facsimile: (361) 885-0487

*/s/ Jerry Guerra*
David L. Rumley
State Bar No. 00791581
Federal ID No. 18120
drumley@wigrum.com
Jerry Guerra
State Bar No. 00789326
Federal ID No. 18166
jguerra@wigrum.com

**ATTORNEYS FOR PLAINTIFF**